# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| PROFANT, INC. DBA BUSINESS NETWORK TEAM <br> 2 Berea Commons, Suite 205 <br> Berea, Ohio  44017, <br><br>     Plaintiff, <br><br> vs. <br><br> Michael Witkowski <br> 111 Riveredge Parkway <br> Berea, Ohio  44017 <br><br> and <br><br> U.S. Network, Inc. <br> 3554 Brecksville Road, Suite 200 <br> Richfield, Ohio  44286, <br><br>     Defendants. | Case No.  1:16-cv-00753 <br><br> Judge:  Dan A. Polster <br><br> Magistrate:  William H. Baughman, Jr. <br><br> **DEFENDANT U.S. NETWORK, INC'S FIRST SET OF DISCOVERY TO PLAINTIFF (INCLUDING REQUESTS FOR ADMISSION)** |

Defendant U.S. Network, Inc. ("USN"), by counsel, pursuant to Rules 26, 33, 34, and 36 of the Federal Rules of Civil Procedure, request that Plaintiff Profant, Inc. d/b/a Business Network Team ("Profant"), answer the following Set of Interrogatories, Requests for Production of Documents, and Requests for Admission, in writing and produce all requested documents at the offices of counsel for Defendants within ten (10) days of service hereof.[1]  These requests shall be deemed continuing in nature and Profant is requested to provide supplementation and/or amendment as required by the applicable rules.

---

[1] USN appreciates the typical response deadline under the applicable rules, but this matter is urgent in that preliminanry injunctive relief is at issue and discovery that is exceedingly similar to this document was first served on Profant in the now-dismissed state court matter on March 4, 2016.  As such, USN has contemporaneously moved the Court to shorten the typical deadline to ten days.

## INSTRUCTIONS AND DEFINITIONS

1. All information requested is to be set forth if it, or documents containing it, are in the possession of, control of, or are available or accessible to Profant or Profant's counsel.

2. If any information called for by these discovery requests is withheld on the basis of a claim of privilege, the nature of the information on which privilege is claimed shall be set forth together with the type of privilege claimed and a statement of all circumstances upon which Plaintiff will rely to support such a claim of privilege. Also, to the extent that documents are withheld from production based upon a claim of privilege, USN's specifically requests that Plaintiff provide a privilege log in accordance with the applicable rules.

3. Where the context herein makes it appropriate, each singular word shall include its plural and each plural word shall include its singular. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Discovery Requests all responses which might otherwise be construed to be outside their scope. Each of the following words includes the meaning of every other word: "each," "every," "all," and "any." The present tense shall be construed to include the past tense and the past tense shall be construed to include the present tense. The masculine shall be construed in the generic sense.

4. For purposes of these Discovery Requests, the following terms shall have the meanings set forth below:

    (a)    The term "document" shall mean any and all information in tangible form, of any nature whatsoever, including the originals and all non-identical copies thereof, in your possession, custody or control, regardless of where located, and shall include, without limiting the generality of the foregoing, all letters, electronic mail messages, text messages, social media messages, and postings, facsimile, correspondence, contracts, drafts, agreements, notes to files, reports, memoranda, electronic records, tapes or transcripts, information stored in computers or other data storage or processing equipment translated or translatable into usable form, calendar or diary entries, memoranda of conversations, telephonic or otherwise, and of meetings or conferences, studies, reports, interoffice and intra-office communications, listings, bulletins, statements, manuals, summaries, newsletters,

       compilations, minutes of meetings, agendas, charts, announcements, newspaper clippings, books, records, acknowledgments, and all copies of documents as defined herein by whatever means made.

       If a document has been prepared in several copies, or additional copies have been made, and the copies are not identical (or which by reason of subsequent modification or revision by the addition of notations, or other modifications, are no longer identical including, but not limited to, underlining, showing of blind copies, crossing out, initialing, comments, signatures, documents clipped or stapled thereto, etc.), each non-identical copy is a separate "document" for the purposes of these Discovery Requests.

(b)     The term "identify" requires, with respect to *documents*, statement of the following information:

    1.     Nature of the document (*i.e.*, letter, contract, memoranda, etc.);

    2.     Date thereof;

    3.     Identification of each author or party thereto;

    4.     Identification of each addressee;

    5.     Title of document;

    6.     File number or other identifying mark or code;

    7.     Location of document by address, city and state, and identity of the present custodian; and

    8.     Whether the document is being produced or will be produced.

    If a document is produced pursuant to these Discovery Requests, the above may be omitted to the extent the information is obvious from the document itself.

(c)     The term "identify" requires, with respect to an *oral or written communication*, statement of the following information:

    1.     Identity of the person by whom, and each person to whom, each such communication was made and all persons present at the time;

    2.     Date it was made;

    3.     Place at which it was made;

    4.     Means by which it was made;

    5.     Substance thereof; and

    6.     Description of each document reflecting and/or relating to any of the above.

    Once any such oral or written communication has been so described or identified, it may be referred to by a distinguishing description.

(d) The term "person" as used herein shall mean and include natural persons, corporations, trusts, partnerships, governmental, public or quasi-public entities, and any other firm, organization, association or business entity.

(e) The term "identify" requires, with respect to any *person*, statement of the following information:

   7. Full name;
   8. Present or last known mailing and e-mail addresses;
   9. Present or last known home telephone number;
   10. Present or last known business address;
   11. Present or last known business telephone number;
   12. Present or last known employer or affiliation;
   13. Present or last known title; and
   14. Present or last known job description.

   Once any person has been so described or identified, he or it may thereafter be referred to by name alone.

(f) The terms "relating" or "regarding" include, but are not necessarily limited to, containing, referring to, relating to, pertaining to, reflecting, connected with, about, mentioning, discussing, supporting, or describing.

(g) The terms "you," "your," or "Profant" refers to Plaintiff Profant, Inc. d/b/a Business Network Team, including any related entities as well as any officers, directors, employees, or agents of same, and, where applicable, Profant's counsel and/or any and all individuals known by Profant or its counsel to have knowledge of this case.

(h) The terms "Witkowski" refers to the named Defendant Michael Witkowski and any of his designated representatives, agents, or counsel.

(i) The term "USN" refers to U.S. Network, Inc., its related entities or business units as well as any employees or agents of same.

# INTERROGATORIES

1. Provide a description of Profant's corporate structure, including the entity's legal name, principal place of business, business type (*e.g.,* partnership, corporation, LLC, etc.), and relationship to any other entities (*e.g.,* parent, subsidiary, etc.), as well as a description of the products and services Profant sells and the portion of its overall income related to each product and/or service.

**ANSWER:**


2. Identify the shareholders of Profant by name, address, and telephone number, and include the ownership interest of each (by percentage, shares, and dollar amount).

**ANSWER:**


3. Identify the officers of Profant by name and title and include when they became employed by Profant as well as when they became an officer of Profant.

**ANSWER:**


4. Identify each person known or believed by you to have knowledge of any facts relating to the claims described in Profant's Complaint, specifying the name, street address, email address, and telephone number of that person; and the nature of the knowledge held by that person.

**ANSWER:**

5. If you expect to call one or more expert witnesses – including any forensic, computer or IT experts – in this case, identify each person who you expect to call as an expert witness at trial, state the subject matter on which the expert is expected to testify, state the substance of the facts and opinions to which the expert is expected to testify, and provide a summary of the grounds for each opinion.

**ANSWER:**

6. For any response to USN's requests for admissions that is anything other than an unequivocal admission, state: the factual basis for your denial, the name and address of all witnesses supporting your denial, and the identity of all documents supporting your denial.

**ANSWER:**

7. Identify each customer of Profant serviced by Witkowski while in the employ of Profant. For each, provide the customer's name, address, telephone number, the last date business was transacted with the customer, and the volume of business transacted with the customer in each of the last three years.

**ANSWER:**

8. Identify each customer of Profant. For each, provide the customer's name, address, telephone number, the last date business was transacted with the customer, and the volume of business transacted with the customer in each of the last three years.

**ANSWER:**

9. Identify each customer of Profant that you contend Witkowski has solicited or undertaken with in violation of a contractual and/or legal obligation allegedly owed to Profant by name, address, and telephone number. In doing so, please identify: when and where the alleged misconduct took place, the method of communication (*i.e.*, in person, telephone, email, etc.), any documents or correspondence that reference or relate to such contact, and any individual with knowledge of it.

**ANSWER:**


10. Identify each customer that USN and/or Witkowski have actually obtained in violation of a contractual and/or legal obligation allegedly owed to Profant, any documents or correspondence regarding that violation, and any individual with knowledge of same.

**ANSWER:**


11. Identify each customer Profant has actually lost as a result of a violation of a contractual and/or legal obligation owed to Profant by USN and/or Witkowski, any documents or correspondence regarding that violation, and any individual with knowledge of same.

**ANSWER:**

12. If Profant and/or its counsel have interviewed or talked with any individuals who are or were employed by USN or any other person about this lawsuit or facts relating to the claims or defenses in this lawsuit, describe in detail those interviews, including the date of the interview, who was interviewed, and who else was present, and identify any documents or correspondence regarding same.

**ANSWER:**

13. Identify each person who participated in the preparation of the answers to these Interrogatories, and state which Interrogatories each such person participated in answering.

**ANSWER:**

14. If you contend that Witkowski solicited, directly or indirectly, employees of Profant, explain the factual basis of that contention, any witnesses who can substantiate or refute that basis, and identify all documents and correspondence regarding same.

**ANSWER:**

15. Identify <u>with specificity</u> all trade secrets of Profant that you contend Witkowski has misappropriated, the factual basis for that belief, and any documents or correspondence regarding same.

**ANSWER:**

16. Identify <u>with specificity</u> all trade secrets of Profant that you contend USN has misappropriated, the factual basis for that belief, and any documents or correspondence regarding same.

**ANSWER:**


17. Describe any and all measures Profant takes to protect the alleged trade secrets described in response to the prior two interrogatories.

**ANSWER:**


18. Describe with specificity the "Profant designed Call Center best practices" and exactly how Witkowski was trained on them, including the date, duration, and cost of that training.

**ANSWER:**


19. Describe all training provided by Profant to Witkowski as well as the member of Profant's call center team who was allegedly "poached," including the date, duration, and cost of all such training.

**ANSWER:**

20. Describe with specificity USN's "conspiracy with Witkowski to willfully and maliciously misappropriate trade secret information from Profant."

**ANSWER:**

21. Provide an itemized statement of all damages that you contend Profant has incurred as a result of any action by Witkowski that is the subject of Profant's Complaint.

**ANSWER:**

22. Provide an itemized statement of all damages that you contend Profant has incurred as a result of any action by USN that is the subject of Profant's Complaint.

**ANSWER:**

23. To the extent Profant contends that its confidential or trade secret information was contained on a flash/jump/thumb drive that was returned to Profant after the end of Witkowski's employment, identify: the total number of drives at issue, the brand and size of each drive, the entire contents of each drive by file name, file size, and file type, which files on each drive contain confidential information, which files on each drive contain trade secrets, the chain of custody from the time the drive was returned to Profant until the present, any computer or IT professional who has reviewed or analyzed each drive or the contents thereof, and any documents related to these matters.

**ANSWER:**

24. To the extent Profant contends it has sustained a loss in excess of $5,000 as required by 18 U.S.C. § 1030(g), itemize that loss in detail and identify all documents supporting same.

**ANSWER:**


25. Identify the specific "protected computer" that forms the basis of Profant's CFAA claims, the date and time Witkowski's access to Profant's "protected computer" became unauthorized, and all documents or correspondence relating to any subsequent access.

**ANSWER:**

**REQUESTS FOR PRODUCTION**

1. Any documents or correspondence, including emails and text messages, identified and/or required to be identified in response to USN's interrogatories.

    **ANSWER:**

2. Any documents or correspondence, including emails and text messages, that reference or relate to USN for the period from January 1, 2016, to the present.

    **ANSWER:**

3. Any documents or correspondence, including emails and text messages, that reference or relate to Witkowski for the period from January 1, 2016, to the present.

    **ANSWER:**

4. Any documents or correspondence, including emails and text messages, that reference or relate to the employment of Witkowski by Profant, the cessation of that employment, or Witkowski's employment with any other entity for the period January 1, 2016 to present.

    **ANSWER**

5. Any documents or correspondence that reference or relate to Profant's claims in this case.

**ANSWER:**

6. Any files kept by Profant regarding Witkowski, including his personnel file.

**ANSWER:**

7. Any files kept by Profant regarding the member of Profant's call center team who was allegedly "poached," including his personnel file.

**ANSWER:**

8. Any statements made by any current or former representative, employee, or agent of USN.

**ANSWER:**

9. Any documents or correspondence that reference or relate to Witkowski's job duties or assigned customers while employed by Profant. A complete response should include, but not be limited to, any job description, offer letter, or designation of customers/accounts as being Witkowski's responsibility.

**ANSWER:**

10. Any telephone records that reference or relate to Profant's claims or defenses in this case.

**ANSWER:**

11. Any policies and/or procedures applicable to Witkowski's employment with Profant, including any handbooks, and any acknowledgements related to them.

**ANSWER:**

12. Any documents or correspondence that reference or relate to Witkowski providing confidential and/or trade secret information to USN that belonged to Profant.

**ANSWER:**

13. Any documents or correspondence that reference or relate to Witkowski using confidential and/or trade secret information that belonged to Profant against Profant's interests.

**ANSWER:**

14. Any documents or correspondence that reference or relate to USN and/or Witkowski "poaching" a member of Profant's call center team.

**ANSWER:**

15. Any actual or proposed contracts or agreements between Witkowski and Profant, including any drafts thereof, as well as any correspondence related thereto.

**ANSWER:**

16. Please preserve and make available for inspection the computer in the possession, custody, or control of Profant (or its agents) that was most recently assigned to Witkowski, as well as any flash/jump/thumb drives assigned or belonging to Witkowski.

**ANSWER:**

17. Any documents or correspondence that reference or relate to, or otherwise demonstrate the damages Profant has allegedly sustained as a result of the matters described in it is Complaint.

**ANSWER:**

18. Any documents or correspondence, including emails and text messages, that identify the customers to which Witkowski was assigned by Profant.

**ANSWER:**

19. Any promotional materials that describe the nature and/or extent of Profant's business and the products and/or services it offers.

**ANSWER:**

20. Any documents or correspondence showing the number and amount of sales made by Profant in 2015 and 2016, to whom the sales were made, the type of product and/or service that was sold, the person who is credited with making the sale, and any person otherwise assigned to the customer/account.

**ANSWER:**


29. All documents constituting, documenting or reflecting the trade secrets that Defendants are alleged to have misappropriated in the Complaint.

**ANSWER:**


30. To the extent Profant contends that its confidential or trade secret information was contained on a flash/jump/thumb drive that was returned to Profant after the end of Witkowski's employment, produce the entire content of each such drive at the time it was returned, the results of any forensic analysis of each such drive, and any non-privileged correspondence regarding each such drive.

**ANSWER:**

31. Produce all records of access by Witkowski to allegedly "protected computers" owned by Profant as well as documents and correspondence regarding same.

**ANSWER:**

32. Produce all policies and procedures regarding access to "protected computers" owned by Profant.

**ANSWER:**

32. Produce all documents and correspondence establishing that Profant has sustained a loss in excess of $5,000 as required by 18 U.S.C. § 1030(g).

**ANSWER:**

**REQUESTS FOR ADMISSION**

Admit the following:

1. At the time Witkowski's employment with Profant ended, Witkowski had no business relationship with, and had not serviced, at least some of Profant's customers.

   **RESPONSE:**


2. Profant has not lost any customers as a result of the matters alleged in its Complaint.

   **RESPONSE:**


3. Profant has not lost any sale as a result of the matters alleged in its Complaint.

   **RESPONSE:**


4. Profant has no evidence Witkowski solicited a Profant employee.

   **RESPONSE:**


5. Profant has no evidence USN conspired with Witkowski to solicit a Profant employee.

   **RESPONSE:**

6. Profant has no evidence Witkowski misappropriated Profant's alleged trade secrets.

**RESPONSE:**

7. Profant has no evidence USN misappropriated Profant's alleged trade secrets.

**RESPONSE:**

8. Profant has no evidence Witkowski provided any of Profant's alleged trade secrets to USN.

**RESPONSE:**

9. Profant has no evidence Witkowski used any of Profant's alleged trade secrets to benefit USN.

**RESPONSE:**

10. To the extent one exists, Defendants have not violated any legal or contractual duty owed to Profant.

**RESPONSE:**

11. Profant has no right to prevent Witkowski from working for USN.

**RESPONSE:**

19

12. Profant has no right to prevent USN from employing Witkowski.

**RESPONSE:**

                Respectfully Submitted,

                *s/ Jason T. Clagg*
                Jason T. Clagg, Esq.
                BARNES & THORNBURG LLP
                110 E. Wayne Street, Suite 600
                Fort Wayne, Indiana 46802-3119
                Tel: (260) 423-9440
                Fax: (260) 424-8316
                E-mail: jclagg@btlaw.com

                ATTORNEY FOR U.S. NETWORK, INC.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was served this 29th day of March 2016, by electronically filing the same with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

        Frank J. Groh-Wargo
        **GROH-WARGO CO., L.P.A.**
        2 Berea Commons, Suite 215
        Berea, Ohio 44017

        Mark S. Fusco
        Sara Rava Cooper
        Walter Haverfield LLP
        1301 E. Ninth Street, Suite 3500
        Cleveland, Ohio 44114

                *s/ Jason T. Clagg*
                Jason T. Clagg

DMS 3781518v1